IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:      THERESA AMES HUGHES                                    CHAPTER 11
            Debtor                                                 CASE NO. 21-10841-JDW

### SUBCHAPTER V STATUS REPORT UNDER 11 U.S.C. § 1188(c)

COMES NOW Theresa Ames Hughes (the "Debtor"), and files this her Subchapter V Status Report under 11 U.S.C. § 1188(c) (the "Status Report") and in support hereof, would respectfully show as follows, to-wit:

1. The Debtor in this case is an individual, adult resident citizen of the State of Mississippi. She initiated this Chapter 11 case, under Subchapter V of the Bankruptcy Code, by the filing of a Petition on April 29, 2021.

2. The Debtor owns an entity known as SweetPea's Table, LLC ("SweetPea's"), which is a full service restaurant located in Olive Branch, Mississippi. A couple of years ago, SweetPea's was of the belief that it would obtain a loan either from the Small Business Administration or guaranteed by the Small Business Administration to assist the Debtor with cash flow and overhead issues she had encountered at SweetPea's. Unfortunately, the loan was not forthcoming. In order to "finance" the shortfall the Debtor was incurring at SweetPea's, she utilized her personal credit cards, obtained personal so-called "kabbage" loans and used the money for operations at SweetPea's and for living expenses. At the time she incurred the kabbage loans and used the credit cards, she was of the firm conviction that a loan was forthcoming.

3. When the loan to SweetPea's did not materialize, and its financial situation deteriorated rapidly, the Debtor caused SweetPea's to file a Chapter 11 reorganization case in this Honorable Court.

4. The SweetPea's reorganization was successful, and the Court entered an order of confirmation on December 18, 2020. The SweetPea's case was closed by order of the Court entered on January 21, 2021.

5. Although the SweetPea's case resulted in a successful reorganization, the debts that the Debtor owed to credit cards and that she had guaranteed to other lenders were not going to be paid in full in the SweetPea's case. As collection suits began to mount, rather than trying to settle some of the claims on a piecemeal basis, the Debtor elected to file Chapter 11 here, in order to consolidate her debts and provide what projected disposable income she may have to her individual creditors.

6. The Debtor's salary at SweetPea's has almost always been $4,000 a month. The Debtor may very well need to raise that in order to meet her living expenses and debt service on her home. The Debtor also receives child support for one of her children and another child receives Social Security benefits because her father is deceased.

7. Further, the Debtor's parents live with her in her home at 205 Commissary Drive in Olive Branch, Mississippi, and they contribute, from time to time, to the cost of living the Debtor and her two children are incurring. Still, it is a close struggle each month for the Debtor to maintain the debt service on her home, the debt service on her automobile and provide for the everyday necessities of life for herself and her children. In the event the SweetPea's business can grow, she must consider raising her salary. And, at $48,000 per year (or $60,000 for that matter), the Debtor and her two dependents are certainly not overpaid.

8. The Debtor does not anticipate a substantial amount of funds flowing to the general unsecured creditors in this case. While the SweetPea's case resulted in a successful reorganization, the Debtor struggled mightily during the throes of COVID just to keep her doors open (after the

closing orders were lifted). Now that things are "opening up," the Debtor is struggling to find employees to wait tables, clean tables, cook the food and otherwise carry on the business at SweetPea's. That inability to find employees has restricted SweetPea's expansion and has even further restricted it to an income level below that of where it was before it filed bankruptcy. On a positive note, customers are returning to SweetPea's, sales are up, and the Debtor believes that sales will continue to gradually rise until they not only meet pre-petition levels, but exceed them. SweetPea's serves good food and has live entertainment on Thursday and Friday evenings.

9. The Debtor will file her plan of reorganization on time and will pursue confirmation of it in this relatively simple and straightforward Subchapter V case.

THIS, the ___ day of June, 2021.

Respectfully submitted,

THERESA AMES HUGHES

By Her Attorneys,

LAW OFFICES OF CRAIG M. GENO, PLLC

By: _____
Craig M. Geno

OF COUNSEL:

Craig M. Geno; MSB No. 4793
LAW OFFICES OF CRAIG M. GENO, PLLC
587 Highland Colony Parkway
Ridgeland, MS 39157
601-427-0048 - Telephone
601-427-0050 - Facsimile
cmgeno@cmgenolaw.com

N:\Firm Data\Users\Bankrupt\Hughes, Amy\Pleadings\1188(c) Status Report 5-28-21.wpd

-3-

## CERTIFICATE OF SERVICE

I, Craig M. Geno, do hereby certify that I have caused to be served this date, via electronic filing transmission, a true and correct copy of the above and foregoing to the following:

Sammye S. Tharp, Esq.
Office of the United States Trustee
sammye.s.tharp@usdoj.gov

Robert A. Byrd, Esq.
Subchapter V. Trustee
rab@byrdwiser.com

THIS, the 1st day of June, 2021.

_____
Craig M. Geno